```
              UNITED STATES DISTRICT COURT
               DISTRICT OF MASSACHUSETTS
```

| | |
|---|---|
| WILLIAM FISCHER,<br>     Petitioner,<br><br>     v.<br><br>A. BONCHER,<br>     Respondent. | No.  21-cv-11703-DLC |

**MEMORANDUM AND ORDER ON PETITION FOR WRIT OF HABEAS CORPUS**

CABELL, U.S.M.J.

   Pro se petitioner William Fischer ("petitioner"), a federal inmate incarcerated at the Federal Medical Center in Devens, Massachusetts ("FMC Devens"), filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 ("section 2241"), alleging that the respondent A. Boncher ("respondent") denied him both procedural and substantive due process by violating the Bureau of Prisons Quarantine Guidance ("BOP Quarantine Guidance") and then disciplining him for resisting said violation. (D. 1, pp. 6-10). The respondent filed a motion to dismiss the petition for failure to state a claim. (D. 12). The court granted that motion in part, dismissing two of the four claimed grounds for relief and denying the motion without prejudice as to the remaining two grounds. (D. 24). The court later directed the respondent to provide supplemental briefing on several issues, which the respondent did. (D. 26, pp. 15-17; D. 28). The petitioner submitted his own

responsive briefing and subsequently filed a motion for leave to amend the petition to add a claim for a violation of his Eighth Amendment rights, which the respondent opposes.  (D. 29, 32, 38).  With the benefit of additional briefing, and for the following reasons, the court grants the respondent's motion to dismiss as to the remaining grounds for relief and denies the petitioner's motion to amend.

I. **Background**

The court presumes the reader's familiarity with the facts as laid out in its previous orders.  (D. 24, pp. 3-16; D. 26, pp. 2-5).  The court previously construed the petition as raising four grounds for relief:

> (1) the incident report violated procedural and substantive due process because of the failure to follow the BOP Quarantine Guidance which, in turn, [led] to the petitioner's exposure to COVID (ground one); (2) the description of the incident in the incident report . . . by Senior Officer Specialist C. Frye ("Officer Frye"), the reporting officer, did not list the petitioner's reason for refusing the second COVID-exposed inmate as a cellmate or the previous failure to follow the BOP Quarantine Guidance which exposed the petitioner to the first COVID-exposed inmate (second ground); the incident report and the UDC's finding of guilt negatively affected the petitioner because they raised his custody classification and PATTERN scores . . . leading to an 18-month delay in his ability to request or receive a transfer closer to his 'release residence' under the First Step Act ('FSA') . . . (ground three); and (4) the administrative remedy process in 28 C.F.R. § 542 was inadequate because it did not address

>   the petitioner's concerns about the violation
>   of BOP Quarantine Guidance by FMC Devens staff
>   (ground four).

(D. 24, pp. 3-4) (internal citations and footnotes omitted).

The court went on to grant the respondent's motion to dismiss as to grounds two and three, finding that: (1) the incident report's failure to list the grounds for the petitioner's refusal or the failure to follow the BOP Quarantine Guidance was not a due process violation; (2) "some evidence" supported the ultimate disciplinary determination, meaning there was no substantive due process violation; and (3) the petitioner did not have a protected liberty interest in telephone privileges, a particular custody classification, or placement in a particular facility. (D. 24, pp. 22-31). This last point is particularly significant because "[i]f a [section] 2241 petition does not challenge the validity or duration of a prisoner's confinement, . . . the district court lacks jurisdiction to grant relief." *Fischer v. Napier*, Civil Action No. 23-12230-FDS, 2023 WL 8190787, at *2 (D. Mass. Nov. 27, 2023) (collecting cases).

In a subsequent order, the court noted that the petitioner "asserts he lost an opportunity to earn 15 days of credit [through the FSA] towards prerelease or supervised release" due to the respondent's actions. (D. 26, p. 16). The loss of good time credits may be a protected liberty interest sufficient to support a petition under section 2241. *Francis v. Maloney*, 798 F.3d 33,

3

36-37 (1st Cir. 2015) (assuming without deciding that inmates can bring a habeas claim for revocation of good time credits "despite recent dicta in *Pepper v. United States*, [562 U.S. 476, 501 n.14] (2011)"). The court thus ordered the respondent to submit additional briefing on five issues:

> (1) whether the application of FSA time credits is mandatory or discretionary when applied to supervised release under 18 U.S.C. § 3632(d)(4)(C) ("section 3632(d)(4)(C)") and 18 U.S.C. § 3624(g) ("section 3624(g)"); (2) whether the application of FSA time credits is mandatory or discretionary when applied to prerelease custody under sections 3632(d)(4)(C) and 3624(g); (3) the process under which FSA time credits would be applied to the petitioner's sentence under sections 3632(d)(4)(C) and 3624(g); (4) the amount of time during which the petitioner was unable to earn FSA time credits because the UDC found him guilty of the prohibited act of refusing to accept a program assignment; and (5) regarding ground four, the due process procedural protections, if any, that apply to the appeal via "[t]he Administrative Remedy Process."

(D. 26, pp. 16-17) (internal citation omitted, alteration in original). The respondent provided the briefing as ordered, with the petitioner responding in kind (D. 28, 29).

Of note, during the pendency of the petition in this case, the petitioner filed a separate habeas petition against the respondent regarding the petitioner's eligibility for FSA time credits. *See* Petition, D. 1, *Fischer v. Boncher*, Civil Action No. 22-cv-11611-MGM (D. Mass. Sept. 22, 2022) (D. 1). The matter was

4

drawn to another court in this district, which denied the petition. In so doing, the court affirmed the Bureau of Prisons' determination that the petitioner is statutorily ineligible to receive FSA time credits due to his conviction for brandishing a firearm during a crime of violence under 18 U.S.C. § 924(c)(1)(A)(ii). Order Regarding § 2241 Petition and Motion to Appoint Counsel, D. 13, *Fischer v. Boncher*, Civil Action No. 22-cv-11611-MGM (D. Mass. Apr. 4, 2023).

## II. Discussion

This court is not inclined to re-adjudicate an issue that another court has already resolved, and in any case this court finds nothing to criticize in the order denying the petitioner's other petition. Accordingly, the court concludes that the petitioner is statutorily ineligible to receive FSA time credits.

That finding dooms what remains of the petitioner's claims here. To begin, it means that the disciplinary proceedings against him could not have meaningfully impacted his ability to earn those credits, which means he has suffered no loss of credits, and thus has no protected liberty interest in said credits. In other words, the disciplinary process had no impact on the duration of the petitioner's confinement because he was never eligible to receive FSA time credits anyway. Without some protected liberty interest bearing on either the validity or duration of the petitioner's

confinement, section 2241 is not implicated, and the petition must be dismissed.

To the extent that the petitioner asserts a protected liberty interest created by the BOP Quarantine Guidance itself, that assertion is misplaced. First, the respondent retains complete discretion over whether and how to implement the BOP Quarantine Guidance, and "[t]he failure to receive relief that is purely discretionary in nature does not amount to a deprivation of a liberty interest." *Miller v. Boncher*, Civil Action No. 21-10967-KAR, 2021 WL 5882597, at *4 (D. Mass. Dec. 13, 2021). Second, even if the respondent's implementation of the BOP Quarantine Guidance were not discretionary, there would still be no connection between the respondent's purported failure to follow the Guidance and the validity or duration of the petitioner's confinement, as the respondent's exposure to COVID did not itself change in any way the length of time the petitioner will spend in custody. As such, the BOP Quarantine Guidance standing alone cannot ground the petitioner's petition under section 2241.

Finally, as noted above, the petitioner moves for leave to amend the petition to add a claim for the respondent's alleged violation of his Eighth Amendment rights through his exposure to COVID in contravention of the BOP Quarantine Guidance. The court denies the motion for leave to amend because the proposed amendment would be futile. *See Green v. Cosby*, 99 F. Supp. 3d 223, 226 (D.

6

Mass. 2015) ("A party's motion for leave to amend a complaint can be denied as futile when the moving party seeks to add a new claim which clearly and unequivocally would be dismissed on its face."); *see also Cockerham v. Boncher*, Civil Action No. 22-11159-ADB, 2023 WL 5179248, at *5 (D. Mass. Aug. 11, 2023) (denying motion for leave to amend section 2241 petition based on futility).

The petitioner's proposed Eighth Amendment claim concerns a particular series of events that occurred over three years ago rather than conduct that is ongoing.[1] Moreover, the proposed claim would "challeng[e] the conditions rather than the fact of [the petitioner's] confinement, . . . [meaning] his remedy is under civil rights law" rather than section 2241. *Napier*, 2023 WL 8190787, at *2 (quoting *Gonzalez-Fuentes v. Molina*, 607 F.3d 864, 873 (1st Cir. 2010)); *see also Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a [non-habeas action].") (citation omitted). This is so because the petitioner's exposure to COVID, however significant, does not affect the

---

[1] As a reminder, the petitioner alleges that FMC Devens staff violated the BOP Quarantine Guidance in January and February 2021 by assigning him two different cellmates. The first cellmate, Goodwin, previously shared a cell with another inmate who became ill. Goodwin later tested positive for COVID while sharing a cell with the petitioner, at which time FMC Devens staff removed Goodwin from the petitioner's cell. The second cellmate, Finley, was removed from his previous cell when his then-cellmate tested positive for COVID. It appears that the petitioner did not contract COVID despite these exposures.

validity or duration of his confinement, meaning any such claim raised through a section 2241 petition would be subject to dismissal.  *See Wallace v. Warden, FCI Berlin*, Civil Action No. 23-048-JL-AJ, 2024 WL 2278268, at *2 (D.N.H. Apr. 23, 2024) (recommending dismissal of section 2241 petition challenging detention in segregated housing and resulting loss of property where petitioner had already been released from segregation and only potential relief remaining was money damages), *report and recommendation adopted*, 2024 WL 2274027 (D.N.H. May 20, 2024); *see also Allen v. McCurry*, 449 U.S. 90, 104 (1980) ("[T]he purpose of [a writ of habeas corpus] is not to redress civil injury[] but to release the applicant from unlawful physical confinement.") (citations omitted).

### III. Conclusion

For the foregoing reasons, the respondent's motion to dismiss (D. 12) is **GRANTED** in full and the petitioner's motion to amend (D. 32) is **DENIED**.  The petition for writ of habeas corpus is **DISMISSED**.

/s/ Donald L. Cabell
DONALD L. CABELL, U.S.M.J.

DATED:  August 1, 2024

8